UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON MARDELL WOODS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-CV-1248 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 1]. Respondent has responded to the Motion pursuant to the Court's Show Cause Order. Because Petitioner claimed ineffective assistance of counsel based on counsel's alleged failure to file an appeal, the Court appointed counsel and conducted a hearing on April 23, 2024. For the reasons set forth below, the Motion will be denied.

*I. Factual Background*

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Response.

*II. Procedural Background*

On June 21, 2018, a criminal complaint was issued charging Petitioner with one count of interference with commerce by robbery, in violation of 18 U.S.C. §

1951 and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On June 28, 2018, a Grand Jury returned a seven-count Indictment charging Petitioner with two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951; two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1); two counts of carjacking, in violation of 18 U.S.C. § 2119(1); and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Petitioner entered a plea of guilty to Counts One, Two, and Six pursuant to a written plea agreement. In relevant part, in exchange for Petitioner's plea of guilty to Counts One, Two, and Six, the United States agreed to dismiss Counts Three, Four, Five, and Seven at the time of sentencing. The parties agreed to make a join recommendation to the Court to sentence Petitioner to a 15-year term of imprisonment. The parties further agreed to waive all rights to appeal all non-jurisdictional, non-sentencing issues. The parties also waived all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

On October 9, 2019, the Court held a change of plea hearing. Petitioner informed the Court that he had reviewed the plea agreement, understood the

agreement, and had no questions. Petitioner also acknowledged that he understood he was completely satisfied with defense counsel's representation.

Petitioner was sentenced on January 27, 202. Petitioner was afforded the opportunity to make a statement prior to the Court's imposition of sentence. Petitioner apologized to his victims, the Court, and his attorney for his behavior. The Court then sentenced Petitioner pursuant to the parties' recommended 15-year term of imprisonment. The Government moved to dismiss Counts Three, Four, Five, and Seven of the Indictment pursuant to the terms of the negotiated plea agreement.

The Court advised Petitioner of his appellate rights stating,

Having done so, Mr. Woods, it's now my obligation to inform you of your rights regarding appeal, so please listen carefully. Ordinarily, you would be able to appeal the Sentence and Judgment in this case, but you would have to do that within 14 days of the judgment. If you did not file your notice of appeal before that time expired, then you will have waived your right to appeal the Sentence and Judgment.… Ordinarily you would be able to appeal the Sentence and Judgment where you felt or believed that it violated the law in some fashion or was otherwise contrary to the law or if it was void or voidable on its face. In light of your written Plea Agreement and your plea on the record consistent with that, you have given up your rights of appeal. You have preserved, however, your ability to file a petition for writ of habeas corpus under 28 U.S.C. § 2255, but you are limited to things like ineffective assistance of counsel or prosecutorial misconduct. Okay?

Petitioner answered, "Yes, sir." The following exchange then took place,

The Court: Do you understand those rights as I've described them to you?
Petitioner: Yes, sir.
The Court: Do you have any questions?

Petitioner: No, sir, Your Honor.
The Court: All right. All right. Good luck to you, Mr. Woods. All right?
Petitioner: Thank you.

On September 14, 2020, Petitioner timely filed a motion to vacate his sentence pursuant to § 2255, DCD 1. Petitioner listed four grounds for relief in his §2255 motion for post-conviction relief including a claim that Counsel failed to file an appeal on his behalf. Petitioner ultimately elected to proceed only on this single claim at his evidentiary hearing.

On April 23, 2024, the Court conducted a hearing on Petitioner's § 2255 motion. Both Petitioner and his attorney Charles J. Banks testified and were each subject to cross-examination. Petitioner testified that he told his attorney he wanted him to file a notice of appeal. However, Petitioner had no recollection of ever seeing the 12.07 Notice or that he refused to sign it. He recalled that Counsel spoke with him after the hearing at the courthouse and at the St. Charles County Jail but had no idea why Counsel visited him in jail. Petitioner testified that he again advised Counsel that he wanted to appeal his sentence and that Counsel agreed to do so. On cross-examination, Petitioner confirmed that he advised the Court at the time of his change of plea hearing that he had no issues with Mr. Banks and that he spoke at length with Counsel about his decision to plead guilty. Petitioner stated that he discussed the plea agreement with Counsel, that he understood that the

4

negotiated deal was a 15-year term of imprisonment, and that no one forced him to enter a guilty plea. He also stated that he understood his appellate rights.

Counsel testified that following the hearing he had a conversation with Petitioner about his desire to appeal the sentence. Banks told Petitioner that the Court imposed the negotiated sentence and that his appeal waiver was probably enforceable. Banks recalled that Woods stated that he wanted to appeal. Mr. Banks specifically recalled telling Petitioner that he had to file the Notice regardless of whether Petitioner did or did not want to appeal his sentence. Counsel recalled that Woods appeared to be "sad and distraught" and decided to have further conversation in the cellblock. Counsel advised that in the cellblock, they had a conversation about the appeal process and that they went over Petitioner's complaints. Following that conversation, Petitioner advised Banks that he decided not to pursue an appeal. However, Woods did not sign the form and did not check the box that indicated his decision not to file an appeal. Banks indicated on the Notice that he advised Petitioner of his appellate rights, and that Petitioner did not request that he file an appeal. Mr. Banks then signed and dated the Notice and filed it with the Court.

At some later date, but within 14 days of the sentencing hearing, Petitioner contacted Counsel and requested that he file an appeal. Mr. Banks could not recall when or how he learned of Petitioner's interest in filing an appeal but stated that he

felt that a personal visit was appropriate. Mr. Banks responded to the St. Charles County Jail to speak with Woods in person about his request. During this conversation, Mr. Banks spoke with Petitioner "more in-depth" about the issues Petitioner had with the case, what a direct appeal would look like, and the potential for success. Mr. Banks recalled that it was a longer conversation than the conversation they had in the cellblock and that Petitioner was "very clear and unequivocal" in his ultimate decision to not file an appeal. Counsel provided Petitioner with a second blank Notice and asked him if he would sign it. Petitioner again refused to sign the Notice. Nonetheless, Mr. Banks left that meeting with no doubt that Petitioner was fully informed of his appellate rights and that his final decision was not to file an appeal.

Mr. Banks is an attorney in good standing with the Missouri Bar and has been an Assistant Federal Public Defender for approximately nine years.

*Legal Standard*

**A. Relief Under 28 U.S.C. § 2255**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the

sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove that she is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

### B. Ineffective Assistance of Counsel

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the framework for evaluating [Petitioner's] ineffective-assistance-of-counsel claims." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). The Petitioner "must show that his counsel's performance was deficient and that he suffered prejudice as a result" to prove a violation of her Sixth Amendment rights. *Id*.

As the Eighth Circuit has instructed:

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011). "Strickland sets a high bar for unreasonable assistance." Love v. United States, 949 F.3d 406, 410 (8th Cir. 2020). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. Id. "We make every effort to eliminate the

>> distorting effects of hindsight and consider performance from counsel's perspective at the time." Id.
> "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Bass, 655 F.3d at 760 (quoting Strickland, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770–71 (8th Cir. 2020) (cleaned up).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed, *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir. 2005), and the burden of demonstrating ineffective assistance of counsel is on the Petitioner *United States v. Cronic*, 466 U.S. 648, 658 (1984); *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003).

### C. Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) (cleaned up; quoted case omitted). The Court may dismiss a claim without an evidentiary hearing "when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.*

### IV. Discussion

Defense counsel "has a constitutionally imposed duty to consult with the

8

defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonable demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). The term "consult" means to advise the defendant of the advantages and disadvantages of appealing and making a reasonable effort to determine the defendant's wishes. *Flores-Ortega*, 528 U.S. at 478.

When determining whether this duty to consult has been satisfied, courts consider whether the conviction follows a trial as opposed to a guilty plea, whether the defendant received the sentence bargained for as part of a plea agreement, and whether the plea agreement waived some or all appeals rights. *Id*. at 480.

"If counsel has consulted with the defendant, the question of deficient performance is easily answered. Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with express to an appeal." *Id*. See also *Garza v. Idaho*, 139 S.Ct. 738, 746 (2019)(When "a defendant has expressly requested an appeal, counsel perform deficiently by disregarding the defendant's instructions.").

To succeed on his claim, Petitioner must show that he "manifestly instructed [his] counsel to file an appeal." *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014)(alteration in original), quoting *Barger v. United States*, 204

9

F.3d 1180, 1182 (8th Cir. 2000). A petitioner's "bare assertion" that he made such a request is no by itself sufficient to support a grant of relief," if more credible evidence indicates otherwise. *Barger*, 204 F.3d at 1182.

The record supports the fact that Mr. Banks' representation of Petitioner was constitutionally appropriate. Petitioner entered a guilty plea. He admitted during the plea proceedings that he thoroughly understood the terms of the plea agreement and the plea proceedings, including his appellate waiver. Petitioner bargained for a 15-year term of imprisonment in the plea agreement and the Court imposed that agreed-upon sentence. The plea agreement and plea proceedings clearly explained his appellate rights and Petitioner stated that he understood those rights.

Counsel was diligent by personally meeting with Petitioner to make sure Petitioner understood what was going to happen at the sentencing hearing and later to establish whether Petitioner wanted to file an appeal. Where Petitioner had no recollection of ever seeing the 12.07 Notice or discussing it, Mr. Banks recalled having that document at the sentencing hearing and that he brought a second copy to the jail post-sentencing in case Petitioner changed his position. Counsel testified that he visited Petitioner at the jail on February 10, 2020, because he understood he may have changed his mind and wanted to file an appeal, Petitioner testified that he never contacted Counsel and had no idea why he went to the jail. When asked on how clear he was about Petitioner's final decision to not file an appeal, Mr.

Banks unequivocally stated, "There was no question in my mind. I didn't leave until I knew what his final decision was and that it was fully informed." Because Petitioner ultimately advised Mr. Banks that he did not want to appeal, Petitioner's claim of ineffective assistance of counsel fails. *Walking Eagle*, 742 F.3d at 1082.

## *Conclusion*

Based on the foregoing and the record before the Court, the Court finds Mr. Banks more credible than Petitioner. Petitioner's claim that counsel was ineffective based on a failure to file an appeal on his behalf is belied by the record. Petitioner's Motion to Vacate, Set Aside or Correct Sentence is without merit.

## *Certificate of Appealability*

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Id. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). See *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. See *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be

11

debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See *Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 27th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE